UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN KHAMO, | No. 2:16-cv-3045 AC P |
| Plaintiff, | |
| v. | ORDER and |
| FBI, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

I.      Introduction

Plaintiff is a state prisoner proceeding pro se with a putative civil rights complaint and a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff is presently incarcerated that the California Health Care Facility in Stockton. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

For the reasons that follow, this order dismisses plaintiff's complaint for failure to state a cognizable claim, denies plaintiff's request to proceed in forma pauperis, and recommends that this action be dismissed with prejudice.

II.     Legal Standards for Screening Plaintiff's Complaint

This court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

1  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
4        Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement
5  of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair
6  notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v.
7  Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "[T]he
8  pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands
9  more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal,
10  556 U.S. 662, 678 (2009) (quoting Twombly at 555).  To survive dismissal for failure to state a
11  claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to
12  relief that is plausible on its face.'"  Iqbal at 678 (quoting Twombly at 570).  "A claim has facial
13  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
14  inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not
15  akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant
16  has acted unlawfully."  Id. (citing Twombly at 556).  "Where a complaint pleads facts that are
17  'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and
18  plausibility of "entitlement to relief."'"  Id. (quoting Twombly at 557).
19        A pro se litigant is entitled to notice of the deficiencies in the complaint and an
20  opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  See
21  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).
22        III.    Screening of Plaintiff's Complaint
23        In his complaint, plaintiff alleges that he is being subjected to "sensory interrogation,"
24  "remote interrogation," and "high technology brain washing" that includes voices emanating from
25  the air vents.  Plaintiff contends that the voices force him to do things he doesn't want to do.  He
26  contends that his nerves are being pinched by remote control, causing him sudden pains,
27  increased heart rate and respiratory problems.  The defendants named in the complaint include the
28  "FBI, NSA, CIA, Secret Service, Federal Government and Linked In.Com."  ECF No. 1 at 1.

1  Additional defendants include "Seal Team Six" and FBI Director Comey, the President and First
2  Family.  ECF No. 1 at 2-3, 9.  Plaintiff asserts that he knows "it's CDCR in conjunction with the
3  CIA/NSA/FBI/ and Department of Homeland Security" because it started "in CSP-Sacramento
4  [then] followed me to CCI-Tehachapi then to CSP-Lancaster and now California Health Care
5  Facility."  Id. at 14.  Plaintiff contends that other inmates have had similar experiences, and that
6  these problems began when a laptop was stolen from a CDCR employee.  Plaintiff seeks an order
7  of this court directing defendants to cease and desist their challenged activities, and to
8  recompense plaintiff 100 million dollars for his suffering.

9      The undersigned finds plaintiff's alleged facts to be speculative and lacking credibility,
10 and finds that they fail to state a cognizable legal claim.  A claim is legally frivolous when it lacks
11 an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989)
12 (authorizing dismissal of claims premised on clearly baseless factual contentions or indisputably
13 meritless legal theories); see also Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).
14 Additionally, absent an express waiver not apparent here, the federal defendants are immune from
15 suit.  See e.g. United States v. Mitchell, 445 U.S. 535, 538 (1980).  The Prison Litigation Reform
16 Act requires dismissal of a prisoner complaint that is legally frivolous, see 28 U.S.C. § 1915A(1),
17 or seeks monetary relief from defendants who are immune from suit, see 28 U.S.C. § 1915A(2).

18     The undersigned further finds that amendment of the complaint would be futile.  Noll, 809
19 F.2d at 1448.  The court is persuaded that plaintiff is unable to allege any facts, based upon the
20 circumstances he challenges, that would state a cognizable federal claim.  "A district court may
21 deny leave to amend when amendment would be futile."  Hartmann v.CDCR, 707 F.3d 1114,
22 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are
23 not required to grant leave to amend if a complaint lacks merit entirely.").

24     Due to the dismissal of the complaint without leave to amend, the court will deny as moot
25 plaintiff's request to proceed in forma pauperis.  However, plaintiff is informed that, under the
26 "three strikes" provision of the Prison Litigation Reform Act, if three or more of his federal cases
27 are dismissed as frivolous, malicious or for failure to state a claim, he will be barred from
28 obtaining in forma pauperis status in a new case absent a showing that he was "under imminent

danger of serious physical injury" at the time he filed his complaint. See 28 U.S.C. § 1915(g).

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The complaint, ECF No. 1, is dismissed without leave to amend for failure to state a cognizable claim that cannot be cured by amendment.

2. Plaintiff's request to proceed in forma pauperis, ECF No. 2, is denied as moot.

3. The Clerk of Court is directly to randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed with prejudice; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 5, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE